UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SAMANTHA DODSWORTH,

    Plaintiff,

v.                                                    Case No: 5:21-cv-566-PRL

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER

The Commissioner has filed an unopposed motion to remand this case for further proceedings under sentence four of 42 U.S.C. § 405(g). (Doc. 19). Upon review, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow him to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered

to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Therefore, following a careful review of the record and filings, the Court agrees with the parties that it is appropriate to remand this matter to the Commissioner. Accordingly, it is ORDERED:

1. The Commissioner's motion (Doc. 19) is **GRANTED** and this action is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g)[1] to the Commissioner for the following reasons:

   On remand, the Appeals Council will instruct an Administrative Law Judge to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base; ask the vocational expert hypothetical questions that reflect the specific capacity/limitations established by the record as a whole; ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy; before relying on the vocational expert evidence, identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations; offer Plaintiff the opportunity for a hearing; take further action to complete the administrative record; and issue a new decision.

2. The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Ocala, Florida on March 17, 2022.

---

[1] Remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).

- 3 -

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties